Henry I. Schanzer, Esq.,
29 Brookfall Rd.
Edison, NJ, 08817

T: 732-572-3984
F: 888-371-0537

e-mail: sschanzer@aol.com

**Attorney for Defendant**
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━**.**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF NEW JERSEY

Civil Action No. 3:14-cv-03980-JAP-LHG

Malibu Media, LLC

Plaintiff

v.

Dan Herslow

Defendant

### <u>DEFENDANT'S ANSWER and AFFIRMATIVE DEFENSES</u>

Defendant, Dan Herslow, by and through counsel, Henry I. Schanzer, Esq., submits his Answer to

the Amended Complaint of Malibu Media LLC ("Plaintiff") as follows:

### INTRODUCTION

1. Defendant admits that Plaintiff alleges a cause of action as stated in the Complaint, but

   denies all other allegations contained in paragraph 1 of the Complaint.

2. Defendant denies the allegations set forth in Paragraph 2 of the Complaint.

3. Defendant has insufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and therefore denies the same.

## JURISDICTION AND VENUE

4. Admits that this Court has subject matter jurisdiction, except as to any of the alleged copyrighted works that were not registered in the United States Copyright Office at the time of the filing of the Amended Complaint, and denies all other allegations contained in paragraph 4 of the Complaint.

5. Denies the allegations of paragraph 5 of the Complaint.

6. Denies the allegations of paragraph 6 of the Complaint.

7. Defendant admits that he is a resident of the State of New Jersey, but denies all other allegations contained in paragraph 7 of the Complaint.

## PARTIES

8. Defendant has insufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and therefore denies the same.

9. Admits the allegations of paragraph 9 of the Complaint.

## FACTUAL BACKGROUND

I. Denies the allegations of paragraph I of the Complaint

10. Defendant has insufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and therefore denies the same.

11. Defendant has insufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and therefore denies the same.

12. Defendant has insufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and therefore denies the same.

13. Defendant has insufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and therefore denies the same.

14. Defendant has insufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and therefore denies the same.

15. Defendant has insufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and therefore denies the same.

16. Defendant has insufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and therefore denies the same.

17. Defendant has insufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and therefore denies the same.

18. Defendant has insufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and therefore denies the same.

19. Defendant has insufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and therefore denies the same.

20. Defendant has insufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and therefore denies the same.

21. Defendant has insufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and therefore denies the same.

22. Defendant has insufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and therefore denies the same.

23. Defendant has insufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint and therefore denies the same.

24. Defendant has insufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and therefore denies the same.

25. To the extent that paragraph 25 contains any allegations, Defendant denies them.

26. Defendant denies the allegations of paragraph 26 of the Complaint.

27. To the extent that paragraph 27 contains any allegations, Defendant denies them.

## MISCELLANEOUS

28. To the extent that paragraph 28 contains any allegations, Defendant denies them.

29. To the extent that paragraph 29 contains any allegations, Defendant denies them.

## COUNT I

## DIRECT INFRINGEMENT

30.  The answers contained in paragraphs 1-29 are hereby repeated as if set forth in detail herein.

31. Defendant has insufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint and therefore denies the same.

32. Defendant denies the allegations of paragraph 32 of the Complaint.

33.  Defendant has insufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint and therefore denies the same.

34. Defendant denies the allegations of paragraph 34 sections (A) –(D) since Defendant has insufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 34 (A)-(D).

35. Defendant denies the allegations of paragraph 35 of the Complaint.

## AFFIRMATIVE DEFENSES

Defendant, a s s e r t s  t he following affirmative defenses to

Plaintiff's Complaint:

### First Affirmative Defense: MISUSE OF COPYRIGHT

36.  Plaintiff's claims are barred because of misuse of the copyright

statutes. Plaintiff is seeking to obtain settlement funds from

Defendant, rather than prevent infringement of its copyrights.
Moreover, Plaintiff has developed and is engaged in a litigation
oriented business model. On information and belief, Plaintiff tracks
BitTorrent sites in order to locate IP addresses, which may lead to a
potential copyright infringer, in order to generate income for the
alleged downloads. Plaintiff is doing this rather than seeking to stop the
infringement of its copyrights. In doing so, Plaintiff has illegally
extended its monopoly beyond the scope of copyright and violated
public policy underlying the copyright laws.

**Second Affirmative Defense: ONE SATISFACTION RULE**

37.   Plaintiff's claims for statutory damages, for each copyright at issue,
are barred in whole or in part, to the extent that a statutory fee award
has already been received by Plaintiff for that copyrighted work from
settlement or judgments paid by other alleged infringers who were
involved in related infringement(s), via BitTorrent, of the same works
or files as Defendant.

**Third Affirmative Defense: NO VOLITIONAL CONDUCT**

38.  Plaintiff's claims are barred in whole or in part because Defendant
did not engage in any volitional conduct.

39. Plaintiff's claims are barred in whole or in part because the harm
alleged by Plaintiff may have resulted from the use or misuse of

technology by some person or entity not reasonably under the control or direction of Defendant.

40. Plaintiff's claims are barred in whole or in part because the harm alleged by Plaintiff may have resulted from the automatic operation of computer systems not at the direction of Defendant.

### Fourth Affirmative Defense: DOCTRINE OF EXHAUSTION

41.  Plaintiff's claims are barred by the doctrine of exhaustion.

### Fifth Affirmative Defense: INVALIDITY OR UNENFORCEABILITY OF COPYRIGHT

42.  Plaintiff's copyrights are invalid and/or unenforceable since the subject matter is obscene and/or violates 19 USC§ 2257.

### Sixth Affirmative Defense: DE MINIMUS INFRINGEMENT

43.  Plaintiff's claims are barred in that any copying or other violations of rights which may have occurred was de minimus and/or non-functional.

### Seventh Affirmative Defense: INJUNCTIVE RELIEF

44.  Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

### Eighth Affirmative Defense: FAIR USE

45.  Plaintiff's claims are barred by the doctrine of fair use.

## NINTH AFFIRMATIVE DEFENSE: FAILURE TO STATE A CLAIM

46. Plaintiff's Amended Complaint fails to state a claim on which relief can be granted.

## TENTH AFFIRMATIVE DEFENSE: ASSUMPTION OF RISK

**47.** Plaintiff assumed the risk that its movies might be copied or reproduced when the movies where published on the internet.

## ELEVENTH AFFIRMATIVE DEFENSE: ESTOPPEL

48. Plaintiff is estopped from asserting the claims made in the Complaint because they are the result of Plaintiff's establishment and use of a system for luring and inducing unsuspecting internet and BitTorrent users into unintentional acts of alleged copyright infringement for the express purpose of suing the users and extracting quick settlements to avoid embarrassment and the cost of litigating the claims.

## TWELFTH AFFIRMATIVE DEFENSE: INTERVENING CAUSE

49. The alleged distribution of copyrighted works, if any, was the action or result of a third party instrumentality over which the defendant has no control.

## THIRTEENTH AFFIRMATIVE DEFENSE: FAILURE TO MITIGATE DAMAGES

**50.** Plaintiff has made no attempt to mitigate any actual or perceived damages, which Defendant denies, by failing to give notice to Defendant of its potential claims.

## FOURTEENTH AFFIRMATIVE DEFENSE: CLAIM BARRED

51. Plaintiff's claim for statutory damages is barred by the US Constitution.

**FIFTEENTH AFFIRMATIVE DEFENSE:  FAILURE TO IDENTIFY RESPONSIBLE**

**PARTY**

**52.** Plaintiff has failed to conduct any significant investigation to truly identify the individual(s) who allegedly engaged in the downloading /sharing in question and who is/are indispensable parties. Plaintiff has simply collected public IP addresses, identified who paid for the Internet service and then  sued the subscribers in an effort to obtain settlements for thousands of dollars.  For failing to conduct a due diligence investigation and join indispensable parties, Plaintiff's Complaint should be dismissed with prejudice as to Defendant.


Note: All possible affirmative defenses and counterclaims may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendant's Answer, and therefore Defendant reserves the right to amend its answer to allege additional affirmative defenses and/or counterclaims, if subsequent investigation so warrants.

WHEREFORE, Defendant respectfully requests that judgment b e  entered in

his favor, and against Plaintiff. Defendant further requests that he be awarded

his costs and fees.


Respectfully submitted this _____ day of December 2014.



_____
 Henry I. Schanzer, Esq.,
29 Brookfall Rd.
Edison, NJ, 08817


Tel. 732-572-3984
e-mail: sschanzer@aol.com

Attorney for Defendant Dan Herslow

## **CERTIFICATE OF SERVICE**

I hereby certify that on 12/23/2014, I served a copy of the foregoing document, via US Mail, on:

Patrick J. Cerillo, Esq.,
4 Walter Foran Blvd., Suite 402
Flemington, NJ, 08822

Dated: 12/23/14

Respectfully submitted

_____,
Henry I. Schanzer, Esq.,
29 Brookfall Rd.
Edison, NJ, 08817